UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| HORMEL FOODS CORPORATION, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | Civil Action No. |
| | ) | 1:07-cv-01724 (RBW) |
| UNITED STATES DEPARTMENT | ) | |
| OF AGRICULTURE, | ) | |
| | ) | |
| **Defendant.** | ) | |

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFFS' PARTIAL OPPOSITION
TO MOTION FOR LEAVE TO INTERVENE

Plaintiff Hormel Foods Corporation objects in certain respects to the Motion for Leave to Intervene in this matter filed by six proposed Defendant-Intervenors.

Hormel believes it appropriate that the Court have before it the views of entities whose "Natural" labels for products containing chemical lactates would be rescinded if the Court grants Hormel the relief it seeks and of a company that actually has been denied a "Natural" label for a product containing lactates. Thus, as a general proposition, Hormel does not oppose intervention. However, there are two aspects in which the scope of intervention proposed in the Motion is contrary to law and should be denied.

First, under governing D.C. Circuit law, an entity seeking to intervene as a party must demonstrate that it independently satisfies both constitutional and prudential standing requirements. *See, e.g., Rio Grande Pipeline Co. v. Fed. Energy Reg. Comm'n,* 178 F.3d 533 (1999). Based on the statements in the intervention papers, three of the six proposed intervenors (Sara Lee, Tyson Foods, and PURAC America) do not have

standing, as defined by prior Supreme Court and D.C. Circuit decisions. Accordingly, the Motion should be denied in its entirety with respect to these entities.

Second, an intervening party "is admitted to the proceeding as it stands, and in respect of the pending issues, but is not permitted to enlarge those issues." *Vinson v. Washington Gas Light Co.*, 321 U.S. 489, 498 (1944). The Memorandum in support of the Motion for Leave to Intervene shows that the proposed intervenors seek to introduce into this case at least one issue that was not raised by Hormel, namely whether "USDA should maintain its prior policy and leave the existing labels on the market and <u>continue to approve new labels</u>" pending conduct of a planned rulemaking. *Memorandum in Support of Motion for Leave to Intervene* at 19 ("*Mem.*") (emphasis added). In its Complaint, Hormel did not challenge the validity of USDA's December 2006 policy decision not to approve in the future "Natural" labels for certain products containing lactates. The issue intervenors intend to raise falls well outside the realm of the questions presented in Hormel's Complaint. If the individual entity whose "Natural" label application was denied wishes to challenge USDA's decision, it must file its own separate lawsuit against the agency. The proposed intervenors, however, may not seek to introduce this foreign element into the current action by Hormel.

Accordingly, the Motion should be denied in its entirety with respect to the three proposed intervenors that have failed to show that they have the requisite standing. The Motion also should be denied with respect to the other proposed intervenors insofar as they seek to present new issues beyond the scope of the Complaint. Their participation should be expressly limited to addressing the issues presented by and the relief sought by Hormel.

## I. THREE OF THE PROPOSED INTERVENORS LACK STANDING AND THUS MAY NOT INTERVENE AS PARTIES-DEFENDANT.

Under governing D.C. Circuit law, proposed intervenors are required to meet the same Article III and prudential standing requirements as the original parties challenging an agency action. *E.g., Rio Grande Pipeline Co. v. Fed Energy Reg. Comm'n*, 178 F.3d 533 (1999). Since a proposed intervenor seeks to participate in the litigation on an equal footing with the original parties, it must independently demonstrate standing. *Id.* at 538-39. An entity that lacks standing may in the Court's discretion be allowed to participate in a limited manner, in the form of an amicus curiae, but not as a party. *Id.* at 539.

Three of the proposed intervenors lack standing, and the Motion for Leave to Intervene should be denied with respect to them.

### A. Sara Lee and Tyson Food Lack Constitutional Standing To Intervene.

Only three of the proposed intervenors (Farmland, Kraft and Smithfield) hold "Natural" labels for meat or poultry products that contain lactates or have had an application for a product containing lactates denied a "Natural" label. *Mem.* at 8, 13. Two other entities, Sara Lee and Tyson, are described as manufacturers of food products that "may in the future become subject to the injunction sought by Hormel." *Mem.* at 2. *See Mem.* at 13 ("Hormel's requested injunction would bar USDA from approving future "Natural" labels for any of Proposed Intervenors' meat and poultry products containing lactates."). Sara Lee and Tyson lack constitutional standing to challenge USDA's decision and therefore cannot intervene as parties defendant in this lawsuit.

Under Article III of the Constitution, an entity seeking to demonstrate that it has standing to sue must show:

-- an invasion of a legally-protected interest which is (a) "concrete and particularized . . . and (b) actual or imminent, not 'conjectural' or 'hypothetical'";

-- that is traceable to the defendant's conduct; and

-- can be redressed by a ruling in its favor.

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

The description of the harms allegedly suffered by Sara Lee and Tyson fails to show that they suffer an "actual or imminent" injury, rather than a "conjectural or hypothetical" concern. The intervention papers provide no factual information about any actual projects purportedly underway at these companies for development of products that will contain lactates and that those entities plan to sell under a "Natural" label. The supporting memorandum states only that the companies "may in the future become subject to the injunction sought by Hormel." *Mem.* at 2. As the Supreme Court held in *Lujan*:

> Such "some day" intentions—without any description of concrete plans, or indeed, any specification of *when* the some day will be—do not support a finding of the "actual or imminent" injury that our cases require.

504 U.S. at 564. For these reasons, Sara Lee and Tyson lack constitutional standing and therefore may not participate as intervenors in this litigation.

**B. PURAC America Lacks Prudential Standing To Intervene.**

PURAC America does not market meat or poultry products to consumers, under a "Natural" label or otherwise. Rather, PURAC sells chemical lactates to companies that do market such products under "Natural" labels. *Mem.* at 2. PURAC therefore is not itself directly affected by USDA's determinations concerning the labels of products containing lactates. It is affected by USDA's actions only in a indirect manner, because it profits from the sale of lactates to entities that do market meat or poultry under a

"Natural" label. *See Mem.* at 14 ("a ruling in Hormel's favor would effectively force PURAC to abandon a significant segment of the market for its lactate ingredients."). Accordingly, PURAC does not fall within the "zone of interests" protected by the Federal Meat Inspection Act or the Poultry Products Inspection Act, and therefore lacks prudential standing to intervene in this matter.

In *Clarke v. Securities Industry Ass'n*, 479 U.S. 388 (1987), the Supreme Court stated that a party which has shown that it suffered injury-in-fact nonetheless may lack prudential standing to sue, unless it can demonstrate that it falls within the "zone of interests" protected by the statutory provision whose violation forms the legal basis for his complaint. *Id*. at 396-97. Under the "zone of interests" test, the entity seeking to sue must demonstrate that the injury of which it complains was one arguably sought to be protected by the specific statutory provision it invokes. Thus, for example, in *Air Courier Conference v. Postal Workers*, 498 U.S. 517 (1991), the Supreme Court followed *Clarke* and held that postal workers lacked prudential standing under the "zone of interests" test to challenge the Postal Service's suspension of Private Express Statutes based on the adverse effect on their employment opportunities, because it found that those laws were not intended to protect the jobs of postal workers. *Id*. at 524-25.

Here, under the FMIA and the PPIA, the "zone of interests" extends to consumers and producers of meat and poultry products, but not to suppliers of chemicals to producers. 21 U.S.C. §§ 601, 610 (FMIA); 21 U.S.C. §§ 453, 358 (PPIA). Accordingly, PURAC is not within the "zone of interests" of these statutes and thus lacks prudential standing to sue to enforce compliance with these consumer protection and public health laws.

In fact, PURAC fits squarely within a category that the Supreme Court has found does <u>not</u> fall within the "zone of interests" of a statute. In *Lujan v. National Wildlife Federation*, 497 U.S. 871 (1990), the Court stated:

> we have said that, to be "adversely affected or aggrieved . . . within the meaning" of a statute, the plaintiff must establish that the injury he complains of (*his* aggrievement, or the adverse effect *upon him*) falls within the "zone of interests" sought to be protected by the statutory provision whose violation forms the legal basis for his complaint. . . . Thus, for example, the failure of an agency to comply with a statutory provision requiring "on the record" hearings would assuredly have an adverse effect upon the company that has the contract to record and transcribe the agency's proceedings; but since the provision was obviously enacted to protect the interests of the parties to the proceedings, and not those of the reporters, that company would not be "adversely affected within the meaning" of the statute.

*Id.* at 883 (emphasis in original; internal citations omitted). In this case, PURAC occupies exactly the same position as the transcription company in Justice Scalia's hypothetical in *Lujan*.

For these reasons, the Court should hold that PURAC is not within the zone of interests of the FMIA and the PPIA and thus may not intervene.

## II. THE INTERVENORS MUST TAKE THE LAWSUIT AS IT STANDS AND MAY NOT ENLARGE THE ISSUES PRESENTED.

An entity that has Article III and prudential standing may choose either to initiate a separate action of its own to challenge an agency action or to intervene in an existing action brought by another person. If the entity elects to intervene in an ongoing action, it is bound by the contours of the case as defined by the original parties. As the Supreme Court stated in *Washington Gas Light*, an intervening party "is admitted to the proceeding as it stands, and in respect of the pending issues, but is not permitted to enlarge those issues." 321 U.S. at 498. The D.C. Circuit has cited this decision repeatedly in declining to review issues that intervenors have attempted to raise when they were not presented by

the party which originally challenged the agency's action. *See Lamprecht v. FCC*, 958 F.2d 382, 389 (D.C. Cir. 1992); *Illinois Bell Tel. Co. v. FCC*, 911 F.2d 776, 786 (D.C. Cir. 1990).

The intervention papers show that the proposed intervenors seek to introduce into this case at least one issue that was not raised by Hormel, namely whether USDA should "continue to approve new ["Natural"] labels" for products containing lactates. *Mem.* at 19 (emphasis added).

In its Complaint, Hormel argues that USDA is required by its own prior findings and decisions, to cancel existing "Natural" labels for meat and poultry products that contain lactates that have a preservative effect. The Complaint does not challenge USDA's December 2006 policy decision not to approve new "Natural" labels for certain products containing lactates. If permitted to intervene, however, the proposed intervenors "intend to show that use of lactates is completely consistent with a 'Natural' claim and that, pending its planned rulemaking, USDA should maintain its prior policy and leave the existing labels on the market and continue to approve new labels." *Mem.* at 19.

The issue intervenors propose to raise falls well beyond the scope of the claims raised by Hormel. In its Complaint, Hormel asserted that USDA violated the FMIA, the PPIA, and the Administrative Procedure Act by failing to go forward and take the steps that were required by its own findings and statements in December 2006. The proposed intervenors, by contrast, seek to argue that USDA went too far in December 2006 and should reverse its current policy and continue to approve "Natural" labels for products with lactates during the several years that the rulemaking is likely to run. If the entity whose label application was denied wishes to challenge to USDA's action, then it should

bring its own lawsuit. But under governing D.C. Circuit precedent, these three intervenors may not seek to obtain judicial review of this issue by insinuating into Hormel's lawsuit a claim that falls well outside the realm of the questions presented in its Complaint.

## Conclusion

The Motion for Leave to Intervene should be denied in its entirety with respect to Sara Lee, Tyson Foods, and PURAC America.

With respect to the other three proposed intervenors, the Motion for Leave to Intervene should be denied insofar as the intervenors seek to present new issues. Their participation should be expressly limited to addressing the issues presented by and the relief sought by Hormel.

Respectfully submitted,

/s/ John F. Cooney_____
JOHN F. COONEY
(D.C. Bar No. 936336)
NANCY S. BRYSON
(D.C. Bar No. 913673)
Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4812

December 14, 2007                    Counsel for Plaintiff

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HORMEL FOODS CORPORATION, )<br><br>)<br>**Plaintiff,** )<br>v. )<br><br>)<br>UNITED STATES DEPARTMENT )<br>OF AGRICULTURE, )<br><br>)<br><br>)<br>**Defendant.** ) | Civil Action No.<br>1:07-cv-01724 (RBW) |

## ORDER

Upon review of Proposed Intervenors' Motion for Leave to Intervene as Defendants, and the response thereto, it is hereby:

ORDERED, that the Motion for Leave to Intervene is granted as to Farmland Foods, Inc., Kraft Foods Global, Inc., and Smithfield Foods, Inc., and denied as to PURAC America, Inc., Sara Lee Corporation, and Tyson Foods, Inc.; and it is further:

ORDERED, that the Intervenor Defendants are admitted to the proceeding as it stands, and in respect of the pending issues, and may not enlarge those issues beyond the claims presented by and the relief sought by Plaintiff Hormel Foods Corporation by presenting the issue that Defendant United States Department of Agriculture should "continue to approve new labels" for products containing lactates pending a planned rulemaking.

So ordered this _____ day of _____ 2007.


_____
Reggie B. Walton
United States District Judge