UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HEIN HETTINGA AND ELLEN HETTINGA d/b/a SARAH FARMS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Civil Action No. 06-1637 (RJL) |

**PLAINTIFFS' MOTION FOR CLARIFICATION OF ORDER DATED
JANUARY 3, 2007 RELATED TO AMICI CURIAE**

Plaintiffs Hein Hettinga and Ellen Hettinga, d/b/a Sarah Farms ("Plaintiffs" or "Hettinga"), respectfully move that the Court clarify its Order of January 3, 2007 granting the motion of United Dairymen of Arizona, et al., to submit an amicus curiae brief for the Court's consideration with respect to the government's pending Motion to Dismiss the Plaintiffs' Complaint.

On December 22, 2006, United Dairymen of Arizona and four other large dairy interests filed a Motion for Leave to File a Brief Amicus Curiae in support of the government's Motion to Dismiss the Complaint. On January 3, 2007, this Court granted the Motion, and the amicus brief has now been filed.

In the motion for leave to file their brief, the amicus entities stated that should the Court grant their Motion, they would also request permission "to file a reply brief if necessary and to be allowed limited participation in the Court's discretion in the oral argument currently set for March 26, 2007." (Motion at 3).

Plaintiffs did not object to the dairy interests' Motion for Leave to File an amicus brief, in the belief that justice is best served if the Court has before it the full range of views on the issues for decision. Plaintiffs do object, however, to the further request by the dairy interests that they be permitted both to file a reply brief and to participate in oral argument on March 26, 2007. These requests are directed to the discretion of the Court and should be denied. The dairy interests seek to litigate on the merits as if they were a party, without having to satisfy the requirements for intervention as a party and without subjecting themselves to the obligations of a party, particularly the plaintiffs' right to take discovery from them by notice.

The large dairy interests are, in reality, far from "amicus curiae" in the traditional sense. Historically, "amicus curiae" was defined as one who interposes, "in a judicial proceeding to assist the court by giving information, or otherwise, or who conduct[s] an investigation or other proceeding on request or appointment thereof by the court." *See Leigh v. Engle*, 535 F. Supp. 418, 419-20 (N.D. Ill. 1982). The purpose served by an amicus curiae was to provide impartial information on matters of law about which there was doubt, especially in matters of public interest. *See Miller-Wohl Co., Inc. v. Comm'n of Labor and Indus.*, 694 F.2d 203, 204 (9th Cir. 1982). An amicus curiae is not, however, a party to the litigation. *Clark v. Sandusky*, 205 F.2d 915, 917 (7th Cir. 1953); *Stebbins v. Ins. Co. of North Am.*, 1971 U.S. Dist. LEXIS 15193, at *3 n.1 (D.D.C. 1971), rev'd on other grounds, *Stebbins v. Keystone Ins. Co.*, 481 F.2d 501 (D.C. Cir. 1973).

Here, the large dairy interests are not an impartial friend of the court but, instead, are adversary parties in interest and are highly partisan in their account of the facts and

the law as exhibited in the brief filed with this Court.[1] These large dairy interests now want to further their unorthodox position by attempting to have all the rights of an intervenor without bothering to comply with the requirements of intervention.

As the Sixth Circuit noted in *United States v. Michigan*, 940 F.2d 143, 165 (6th Cir. 1991), historically there has been a bright-line distinction between amicus curiae and parties to a lawsuit, and standing to litigate equal to that exercised by the parties may be acquired only pursuant to the pathways established by the Federal Rules of Civil Procedure.

> The intent and purpose of the Federal Rules should not be evaded by acts of judicial legerdemain. Amicus curiae may not and, at least traditionally, has never been permitted to rise to the level of a named party/real party interest nor has an amicus curiae been conferred with the authority of an intervening party of right without complying with the requirements of Fed.R.Civ.P. 24(a), nor accorded permissible intervention without meeting the criteria of Fed.R.Civ.P. 24(b). Only a named party or an intervening party in interest is entitle to litigate on the merits . . . .

940 F.2d at 165-166.[2]

The large dairy entities have not attempted to make the showings required by Rule 24 for intervention. In particular, they have not disclosed to this Court that they have a direct interest in the statute that singled out Plaintiffs for punitive treatment. Nor have they made the showing required under Rule 24 as to why their interests, if they

---

[1] In fact, the brief filed by the dairy interests is plainly intended as a friend of the government. *See New England Patriots Football Club, Inc. v. Univ. of Colorado*, 592 F.2d 1196, 1198 n.3 (1st Cir. 1979).

[2] *See also In re Vitamins Antitrust Litig.*, 2002 U.S. Dist. LEXIS 25815, at *32-33 (D.D.C. 2002) (acknowledging precedent "recognizing that bright line exists between amici and named parties, and that amici have no right to initiate, extend, or enlarge issues").

exist, are not adequately protected by the United States government, which is defending the constitutionality of this enactment.[3]

Further, in seeking to have the principal benefits of appearing as a party by litigating fully in amicus status, the dairy entities also seek to avoid having to bear the obligations of a party, notably the obligation to provide discovery to the Plaintiffs that a party defendant would be required to produce. The Complaint alleges that Congress, in the Milk Regulatory Equity Act ("MREA"), singled plaintiffs out for punishment, alone of all the producers of milk in the United States, by subjecting them to specific obligations that greatly harm their ability to operate their businesses and compel an enforced subsidization of their competitors. As amici admitted in the motion for leave to file their brief, "[e]ach of the amici supported and indeed actively sought adoption of the MREA." (Motion at 2). Indeed, lead counsel for the amici has recently confirmed to the Washington Post his intimate involvement in the drafting of the legislation:

> My hand can be seen throughout the bill . . . . [Pick a paragraph in the legislation and] either I wrote it or I commented on it.[4]

In discovery, one of the obvious places that Plaintiffs would seek to find evidence to demonstrate the punitive nature of the legislation and to support the other allegations set forth in their Complaint, would be the files of the clients of this attorney that were

---

[3] If the dairy interests intend to obtain the rights of a party, they are required to file and serve a motion to intervene in the pending action. The same procedure is to be followed whether intervention is sought as a matter of "right" or by permission of a court. *See* Rule 24(c), Federal Rules of Civil Procedure. The burden is on the dairy interests as the proposed prospective intervenors to demonstrate that the conditions for intervention are satisfied. *DSMC, Inc. v. Convera, Corp.*, 273 F. Supp. 2d 14, 26 (D.D.C. 2002); *Petrol Stops Northwest v. Continental Oil Co.*, 647 F.2d 1005, 1010, n.5 (9th Cir. 1981). It is error for a court to permit a stranger to the action to participate in the action in the absence of a formal motion for intervention and based upon the findings required on such motion (unless all parties have consented to the intervention). *See Spangler v. Pasadena Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977).

[4] D. Morgan, S. Cohen & G. Gaul, "Dairy Industry Crushed Innovator Who Bested Price-Control System," Washington Post, Dec. 10, 2006 page A01 (Attachment 1).

identified in the story, Dean Foods, Shamrock Foods, United Dairymen of Arizona, and the Dairy Institute of California. Three of these four entities (United Dairymen, Shamrock Foods, and Dairy Institute) are among the five amici that have filed this brief and that propose to litigate as parties without exposing themselves to the discovery and other obligations of parties.

There is little doubt that the dairy interests are attempting to be accorded the status of "litigating amicus curiae" in this case. Allowing the dairy interests to litigate in such a manner would potentially divest the original parties of effective control of the litigation and would allow the dairy interests to transcend the traditional concept of amicus curiae. *See United States v. Michigan*, 940 F.2d at 166. While this Court has allowed the large dairy interests to state their position adverse to the Plaintiffs through their written brief, that is where the court's discretion should stop them. The dairy interests must be told that they will be limited to the filing of one brief unless they are willing to make the showing for intervention required by the Local Rules and the strictures of Rule 24, Federal Rules of Civil Procedure.

For these reasons, Plaintiffs Hein and Ellen Hettinga d/b/a Sarah Farms respectfully move that this Court clarify its Order granting the amici leave to file their brief, in order to make clear that these parties may not file a reply brief or participate in oral argument without having first satisfied the requirements of the Federal Rules of Civil Procedure for participation as a party.

Defendant United States of America is not opposed to permitting amici to file a reply brief or time at oral argument.

        Respectfully submitted,

*Alfred W. Ricciardi /s/ JFC*
ALFRED W. RICCIARDI, by JFC
(Arizona Bar No. 009547)
Hebert Schenk P.C.
4742 N. 24th Street, Suite 100
Phoenix, Arizona 85016
(602) 248-8203

*John F. Cooney*
JOHN F. COONEY
(D.C. Bar No. 936336)
NANCY S. BRYSON
(D.C. Bar No. 913673)
Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 34-4812

Dated: February 6, 2007        Counsel for Plaintiffs

6

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HORMEL FOODS CORPORATION, )<br>)<br>**Plaintiff,** )<br>v. )<br>)<br>UNITED STATES DEPARTMENT )<br>OF AGRICULTURE, )<br>)<br>**Defendant.** ) | Civil Action No.<br>1:07-cv-01724 (RBW) |

## ORDER

Upon review of Proposed Intervenors' Motion for Leave to Intervene as Defendants, and the response thereto, it is hereby:

ORDERED, that the Motion for Leave to Intervene is granted as to Farmland Foods, Inc., Kraft Foods Global, Inc., and Smithfield Foods, Inc., and denied as to PURAC America, Inc., Sara Lee Corporation, and Tyson Foods, Inc.; and it is further:

ORDERED, that the Intervenor Defendants are admitted to the proceeding as it stands, and in respect of the pending issues, and may not enlarge those issues beyond the claims presented by and the relief sought by Plaintiff Hormel Foods Corporation by presenting the issue that Defendant United States Department of Agriculture should "continue to approve new labels" for products containing lactates pending a planned rulemaking.

So ordered this _____ day of _____ 2007.

_____
Reggie B. Walton
United States District Judge