UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HORMEL FOODS CORPORATION, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> UNITED STATES DEPARTMENT ) <br> OF AGRICULTURE, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 1:07-cv-1724 (RBW) |

**JOINT MOTION FOR ENTRY OF A PROTECTIVE ORDER**

Plaintiff, Hormel Food Corporation ("Hormel") and defendant United States Department of Agriculture ("USDA") hereby jointly move, through their undersigned counsel and pursuant to Federal Rule of Civil Procedure 26(c), for entry of the Protective Order attached at Tab A to this Motion, to protect confidential business information contained in the Administrative Record in this case from broad disclosure. The parties ask that this Court order that the portions of the Administrative Record designated by Defendant as confidential shall be produced to plaintiff for attorneys eyes only, and, if filed, shall be submitted under seal. The parties rely on the attached memorandum in support of their motion.

Dated: January 22, 2008
       Washington, D.C.                    Respectfully submitted,

                                           JEFFREY S. BUCHOLTZ
                                           Acting Assistant Attorney General

                                           JEFFREY A. TAYLOR
                                           United States Attorney

        FELIX V. BAXTER
        Director, Federal Programs Branch
        Civil Division

         s/ William B. Jaffe (Electronic Filing)
        JAMES J. GILLIGAN
        Assistant Director
        WILLIAM B. JAFFE
        Trial Attorney

        United States Department of Justice
        Civil Division, Federal Programs Branch
        <u>Mailing Address</u>
        P.O. Box 883
        Washington, DC  20044
        <u>Delivery Address</u>
        20 Massachusetts Avenue, NW, Room 6110
        Washington, DC  20530
        (202) 353-7633
        Fax: (202) 616-8460
        Email: william.jaffe@usdoj.gov

        Attorneys for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HORMEL FOODS CORPORATION,         )<br>                                                                  )<br>            Plaintiff,                                )       Civil Action No. 1:07-cv-1724 (RBW)<br>     v.                                                 )<br>                                                                  )<br>UNITED STATES DEPARTMENT           )<br>OF AGRICULTURE,                              )<br>                                                                  )<br>            Defendant.                           )<br>_____) | |

**MEMORANDUM IN SUPPORT OF JOINT MOTION
FOR ENTRY OF A PROTECTIVE ORDER**

Plaintiff and defendant file this memorandum in support of their Joint Motion For Entry of a Protective Order pursuant to Local Rule 7(c). In support of their motion, the parties state as follows:

1. The Administrative Record in this action contains highly sensitive confidential business information belonging to Plaintiff's competitors.

2. A Protective Order would protect this information from broad disclosure outside the counsel involved in this litigation, any independent experts retained by them for purposes of assisting in the litigation, and Court personnel.

3. Prompt entry of a Protective Order is required to ensure the efficient and prompt production of the Administrative Record in this action. The plaintiff and defendant, therefore, request that the attached Protective Order, stipulated to by them, be adopted and ordered by the Court. Defendant shall timely produce the Administrative Record after entry of the Protective Order.

Dated: January 22, 2008

Washington, D.C.                    Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

FELIX V. BAXTER
Director, Federal Programs Branch
Civil Division

 s/ William B. Jaffe (Electronic Filing)
JAMES J. GILLIGAN
Assistant Director
WILLIAM B. JAFFE
Trial Attorney

United States Department of Justice
Civil Division, Federal Programs Branch
<u>Mailing Address</u>
P.O. Box 883
Washington, DC  20044
<u>Delivery Address</u>
20 Massachusetts Avenue, NW, Room 6110
Washington, DC  20530
(202) 353-7633
Fax: (202) 616-8460
Email: william.jaffe@usdoj.gov

Attorneys for Defendant

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| HORMEL FOODS CORPORATION, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>UNITED STATES DEPARTMENT )<br>OF AGRICULTURE, )<br>)<br>Defendant. )<br>) | Civil Action No. 1:07-cv-1724 (RBW) |

## PROTECTIVE ORDER

Upon consideration of the Joint Motion For Entry of a Protective Order, pursuant to Federal Rule of Civil Procedure 26(c), and for good cause shown, IT IS ORDERED THAT the Joint Motion for Entry of a Protective Order be and hereby is GRANTED.

IT IS FURTHER ORDERED:

1. The Court hereby enters this Protective Order ("Order") to protect confidential documents and information that may be produced as part of the Administrative Record by USDA in the course of the proceedings in the above-captioned action and to set forth mandatory procedures for persons who receive or review documents or information produced subject to this Order.

2. <u>Confidential Information</u>. Defendant USDA and its counsel are hereby authorized to release confidential business information that is contained in the agency Administrative Record and is relevant to the specific allegations in plaintiff's Complaint.

3. <u>Definitions</u>.

   a. <u>Covered Documents</u>. Those documents in the Administrative Record that Defendant and/or its counsel identifies as containing confidential business information by the designation "Confidential" are hereinafter referred to as "Covered Documents."

   b. <u>Covered Information</u>. All information that Defendant and/or its counsel identifies as being confidential business information as well as any information derived solely from Covered Documents, even if incorporated in another document, pleading, or referred to in testimony, is hereinafter referred to as "Covered Information."

   c. <u>Redacted Information</u>. USDA may redact confidential business information contained in the Administrative Record to which plaintiff's Complaint does not refer or relate. Such information is referred to herein as "Redacted Information." USDA will not redact any information that refers to plaintiff, and will not redact non-confidential business information.

4. <u>Designations of Information as "Confidential"</u>. USDA will designate as "Confidential" only the material that it determines is confidential business information. If only some of the information on a page is confidential, then USDA will indicate which part is confidential and protected by this order. If, on the other hand, all the information on a page contains confidential business information, then USDA will designate the whole page as "confidential."

5. <u>Explanation of "Confidential" Designations or Redactions</u>. USDA will provide to plaintiff's or proposed intervenors' outside counsel explanations of the nature of any Redacted

Information, and reasons that it believes that Covered Documents, Covered Information, or Redacted Information require confidentiality, if plaintiff's or proposed intervenors' outside counsel, in good faith after reviewing the Administrative Record, tells USDA which confidentiality designations or redactions are either not self-evident from the context of the Administrative Record or are challenged as not being confidential or properly redacted.

6.      <u>Persons to Whom Disclosures May Be Made</u>.  Disclosure of Covered Documents or Covered Information in the Administrative Record by plaintiff's or by proposed intervenors' outside counsel is strictly limited to the Court, the Court's staff, and plaintiff's and proposed intervenors' outside counsel, including associated personnel necessary to assist plaintiff's and proposed intervenor's outside counsel in this litigation, such as litigation assistants, paralegals, secretarial or other clerical personnel, and litigation support services, including outside copying services.

7.      With respect to information designated by USDA as "Confidential" that involves product formulations, outside counsel for plaintiff and proposed intervenors may disclose to their clients information concerning the level of lactates in such products only within a range and may not disclose to their clients information concerning any other ingredients in the products, the name of the manufacturers or the type of products involved.

8.      Plaintiff's and proposed intervenors' outside counsel may use Covered Documents or Covered Information produced subject to this Order only for the purpose of this litigation (and all appeals thereof).  The Administrative Record contains highly sensitive confidential business information belonging to plaintiff's competitors.  Accordingly, plaintiff's and proposed intervenors' outside counsel shall not disclose, in any manner whatsoever,

Covered Documents and Covered Information produced subject to this Order to any other person or entity beyond those indicated in Paragraph 6 and 7 or for any purpose other than this litigation (and all appeals thereof) without further order of this Court.

9. Should plaintiff's or proposed intervenors' counsel desire to consult an independent expert concerning any Covered Documents or Covered Information, they will provide the name of said expert to defendant's counsel. Such expert must not be associated in any way with plaintiff or proposed intervenors and must not be in a position to gain a competitive business advantage as a result of viewing the Covered Documents or Covered Information. Such expert must sign an Acknowledgment attesting that he is bound by the terms of the Protective Order and that his use of the Covered Documents or Covered Information is strictly limited to this litigation. In making any disclosure of Covered Documents or Covered Information to such an expert, plaintiff's or proposed intervenors' counsel shall notify defendant's counsel in writing five (5) business days prior to doing so and will provide defendant's counsel with the expert's signed Acknowledgment.

10. Plaintiff's and proposed intervenors' counsel shall return any and all Covered Documents or Covered Information to defendant's counsel within ten (10) business days following the termination of this civil action (including any appeals hereof) or when they are no longer assigned or retained to work on this case, whichever is earlier. Any pleadings or other court filings created or filed by plaintiff's or proposed intervenors' counsel that contain Covered Documents or Covered Information and are retained by plaintiff's or proposed intervenors' counsel as part of their litigation files remain subject to the terms of this Order.

11. <u>Covered Documents and Covered Information To Be Filed Under Seal</u>. Those

portions of any filings with the Court that include Covered Documents or Covered Information produced subject to this Order shall be made under seal pursuant to the applicable rules of the Court.

12.   Failure to Designate.  The designation, or failure to designate, any materials as Covered Documents or Covered Information shall not constitute a waiver of any party's contention that those materials are or are not covered by this Order.

13.   Plaintiff or proposed intervenors may challenge in court either or both of the USDA's designation of confidential business information subject to this protective order and the USDA's redaction of information that does "not refer or relate" to this proceeding.  In response to any such challenge, USDA shall set forth the reasons why the information redacted or designated as confidential business information is properly protected from disclosure under Federal Rule of Civil Procedure 26(c) and any other applicable laws.

14.   Defendant shall produce the Administrative Record in a timely fashion after entry of this Protective Order.

15.   Nothing in this Order shall be construed as prohibiting or otherwise restricting the defendant's' own use or disclosure of Covered Documents or Covered Information subject to this Order.

IT IS SO ORDERED.

Dated this _____ day of January, 2008.

BY THE COURT:

_____
U.S. DISTRICT JUDGE

AGREED TO:

| | |
|---|---|
| s/John F. Cooney | s/William B. Jaffe |
| JOHN F. COONEY, ESQ. | WILLIAM B. JAFFE (NY Bar) |
| (DC Bar 936336) | Trial Attorney, Federal Programs Branch |
| NANCY S. BRYSON, ESQ. | JAMES J. GILLIGAN |
| (DC Bar 913673) | Asst. Branch Director, Federal Programs Branch |
| VENABLE, LLP | U.S. Department of Justice, Civil Division |
| 575 7th Street, NW | 20 Massachusetts Ave., N.W., Room 6110 |
| Washington, DC 20004 | Washington, D.C. 20001 |
| 202-344-4812 | Tel: (202) 353-7633 |
| jfcooney@venable.com | william.jaffe@usdoj.gov |
| | |
| *Counsel for Plaintiff* | *Counsel for Defendant* |

s/ Kirsten F. Roddy
KIRSTEN FRIEDEL RODDY, ESQ.
HOGAN & HARTSON, LLP
555 13th Street, NW
Washington, DC 20004-1109
202-637-5600
kfroddy@hhlaw.com

*Counsel for Proposed Intervenors*

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2008, a true and correct copy of the foregoing Motion for Protective Order was served via ECF upon counsel of record at the address listed below.

| | |
|---|---|
| John F. Cooney, Esq. | Kirsten Friedel Roddy, Esq |
| Venable, LLP | Hogan & Hartson, LLP |
| 575 7th Street, NW | 555 13th Street, NW |
| Washington, DC 20004 | Washington, DC 20004-1109 |
| 202-344-4812 | 202-637-5600 |
| jfcooney@venable.com | kfroddy@hhlaw.com |

Dated: January 22, 2008

                                      /s/William B. Jaffe
                                      WILLIAM B. JAFFE