UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HORMEL FOODS CORPORATION )<br>Plaintiff, )<br>v. )<br>)<br>UNITED STATES DEPARTMENT )<br>OF AGRICULTURE, )<br>)<br>Defendant. ) | Civil Action No. 1:07-cv-1724 |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PLAINTIFF'S MOTION TO COMPEL DEFENDANT
TO SUPPLEMENT THE ADMINISTRATIVE RECORD**

Plaintiff Hormel Foods Corporation ("Hormel") submits this Memorandum in support of its Motion to compel Defendant U.S. Department of Agriculture ("USDA") to supplement the Administrative Record on which this lawsuit will be decided. The Administrative Record does not include many types of pertinent materials that were an integral part of the agency's decisionmaking on the issue before the Court. Moreover, the Record does not contain numerous documents that USDA itself referred to in its Motion to Dismiss or, in the Alternative, for Summary Judgment and its supporting documents.

The Court should order USDA to supplement the Administrative Record at the same time that it submits its Reply Brief on its Motion and its Opposition to Hormel's Cross-Motion for Summary Judgment, so that Hormel may review and utilize these documents in filing a Reply Brief in support of its Cross-Motion. If USDA does not have such documents in its possession, it should so inform the Court at the time of the submission of its substantive pleadings, so that Hormel may have the information necessary to make the appropriate arguments in its Reply Memorandum in support of its Cross-Motion for Summary Judgment.

## ARGUMENT

### I. USDA Should Be Ordered To Supplement the Administrative Record To Include Documents that It Relied Upon in its Decisionmaking.

A reviewing court must base its decision on "the whole record" that was actually before the agency, as opposed to a selective record compiled by agency lawyers for the purpose of defending the final result. *See Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 419 (1971). In fact, "the 'whole record,' if it is incomplete, must be viewed as a 'fictional account of the actual decision-making process.'" *Portland Audubon Soc'y v. Endangered Species Comm.*, 984 F.2d 1534, 1548 (9th Cir. 1993) (*quoting Home Box Office, Inc. v. Federal Communications Comm'n*, 567 F.2d 9, 54 (D.C.Cir.1977)).

A court may grant a Motion to Supplement the Administrative Record to require an administrative agency to submit information already in its possession that was part of its decisionmaking process but that was initially omitted from the record. *See Pacific Shores Subdivision v. U.S. Army Corps of Engineers*, 448 F. Supp. 2d 1, 5-6 (D.D.C. 2006). Granting a Motion to Supplement is appropriate when, among other things, the agency action is not adequately explained in the record before the court" or "when an agency considered evidence which it failed to include in the record . . . ." *Esch v. Yeuter*, 876 F. 2d 976, 991 (D.C. Cir. 1987).

In *Environmental Defense Fund v. Blum*, 458 F. Supp. 650 (D.D.C. 1978), "the anomalous situation [was] presented that highly relevant submissions in the agency's files [were] not considered by EPA to be part of the record as not relied upon in reaching its final order. No standard [was] given to explain this willingness to exclude from consideration pertinent material submitted as an integral part of the rulemaking process or

otherwise located in EPA's own files." *Id.* at 661. The court held that "[t]he agency may not...skew the 'record' for review in its favor by excluding from that 'record' information in its own files which has great pertinence to the proceeding in question . . . ." *Id.* Indeed, even where the agency did not ultimately rely on particular information, it may not "exclude from consideration pertinent materials submitted as an integral part of the rulemaking process *or otherwise located in [the agency's] own files.*" *Id.* (emphasis added).

In this case, USDA has simultaneously attempted to supplement the record through the addition of a *post-hoc* litigation Declaration that purportedly clarifies the basis for its final decision, and failed to include documents in its possession that were relevant to its decision at the time. The agency is not permitted to shape the record to suit its purposes in this manner, but is bound to rely for justification only on the "whole record" before it at the time of its decision. *See Overton Park*, 401 U.S. at 419.

Here, Hormel's Complaint seeks review of USDA's approval of "natural" labels that: (1) failed to disclose the fact that the products contained the added chemical preservatives sodium lactate or potassium lactate, and (2) were for products containing ingredients that were not "minimally processed." Complaint, Doc. 1, at ¶¶ 47-48. Plaintiff further seeks review of USDA's decision not to rescind such labels. Complaint, Doc. 1, at ¶¶ 50-52. The agency has filed its Certification of the Administrative Record (Doc. 14), submitted under 28 U.S.C. § 1746 as an unsworn certification under penalty of perjury. On its face, however, the Record so certified is not complete because several highly relevant documents are missing. In particular, USDA has submitted no justification for its adoption of the since-revoked August 2005 amendment to the

definition of "Natural" which created an exception for the chemical sodium lactate and the label approval documents for several lactate-containing "natural" products that were approved under that now-revoked policy.

On the face of the pleadings, several highly pertinent types of documents are missing from the Administrative Record that USDA produced.

1. The Record does not include the label approval documents for the three potassium lactate-containing Oscar Meyer products sold under a "natural" label that prompted Hormel's requests for relief in the first instance and thus underlie the entire lawsuit. Administrative Record ("AR") 500, 501, 530.

2. USDA represented in its pleadings that between the revision of the definition of "natural" in August 2005 to create an exemption for sodium lactate until that exemption was rescinded in December 2006, it approved "natural" labels for 14 lactate-containing products. Derfler Dec. ¶ 19; USDA's Statement of Material Facts ¶ 10. The Confidential section of the Administrative Record that USDA submitted contained only 12 label approvals. The Administrative Record obviously is incomplete in this important respect. USDA should be required to produce the two missing label approval documents referenced in the Derfler Declaration.

3. USDA represented in its pleadings that in late November and early December 2006, it sent letters to 24 manufacturers that held "natural" labels for lactate-containing products and required them to submit information demonstrating that the lactate did not have a preservative effect in its products. Derfler Dec. ¶ 27; USDA's Statement of Material Facts ¶ 17. The USDA statement that it had approved "natural" labels for only 14 lactate-containing products is inconsistent with its statement that it had written to 24

manufacturers that held "natural" labels for lactate-containing products.[1] Further, as set forth in plaintiffs' Opposition to USDA's Motion and its Cross-Motion for Summary Judgment, the label approval documents produced for these 12 "natural" products showed substantial discrepancies between USDA's stated policies and its actual label approval decisions. For these reasons, USDA should be required to produce the label approval documents for the lactate-containing "natural" products sold by the 24 manufacturers that were not included in the Administrative Record as filed.

    4. USDA did not include in the Administrative Record documents that support important assertions in its litigation Declaration. For example,

    -- USDA asserted that its staff first made the decision to allow "natural" labeling for products containing two percent or less of sodium lactate in response to requests received in 2000 and 2001, on the alleged ground that "at the two percent level sodium lactate was understood to only enhance flavor and not to act as a chemical preservative," based on a review of data submitted by Shenandoah Products, Inc. Derfler Declaration ¶ 16; USDA's Statement of Undisputed Facts ¶ 9. USDA did not include in the Administrative Record any documents related to these label approvals or its analysis of the lactate issue in those years. USDA should be required to produce documents showing that this policy in fact existed. It they do not exist, USDA may not defend its denial of relief to Hormel on this basis.

---

[1] USDA noted in its pleadings that it wrote to 24 manufacturers, but the Administrative Record contained only 15 such letters. USDA also represented that in January 2007, it sent subsequent letters to the same 24 manufacturers clarifying the information required. Derfler Dec. ¶ 29; USDA's Statement of Material Facts ¶ 19. The Administrative Record contained only 17 such letters. The Certification of the Administrative Record stated that the additional letters were excluded because they "were not found." Given the recent dates of the letters, they almost certainly were created electronically. While the Record is technically incomplete in these respects, the letters in question appear to be nearly identical form letters. Accordingly, Hormel does not seek further production of the missing letters.

-- USDA also asserted that it revised the definition of "Natural" in August 2005 to "take into account the Agency's decision to approve the 'natural' label of products containing, among other things, sodium lactate . . . when the amount of sodium lactate did not exceed two percent of the product's formulation." Derfler Declaration ¶ 19; USDA's Statement of Undisputed Facts ¶ 10. USDA did not include in the Administrative Record any documents related to the August 2005 "decision," and the exception adopted for sodium lactate in August 2005 does not, on its face, include a limitation of two percent on the level of sodium lactate in "natural" products. USDA should be required to produce documents showing that this policy in fact existed. Again, if they do not exist, USDA may not defend its denial of relief to Hormel on this basis.

5. As USDA noted in its pleadings, it has continued to approve new "natural" labels since December 2006, and the Administrative Record contains label approval documents for one such product. Hormel has found that several new "natural" products containing potassium lactate have recently been offered for sale in the market: "Simply Natural" Bone-In Spiral Sliced Ham, "Simply Natural" Boneless Classic Ham, "Simply Natural" Sausage, and "Simply Natural" Sliced Bacon. (Attachment 1). These products appear to have received label approval during the time period covered by the Complaint, but their label approval documents were not included in the Administrative Record. Accordingly, USDA should be required to review its label approval documents to determine whether it has approved "natural" labels for these additional products. If the agency has done so, it should be required to supplement the record to include those documents.

Ordinarily, an administrative agency enjoys a presumption of regularity that it has compiled and produced a complete Administrative Record. *See Amfac Resorts, L.L.C. v. U.S. Dept. of the Interior*, 143 F.Supp.2d 7 (D.D.C. 2001). This presumption, however, may be overcome by a clear showing that a record submitted by an agency is incomplete. *See NRDC v. Train*, 519 F.2d 287, 291-92 (D.C. Cir. 1975); *Amfac Resorts, L.L.C.*, 143 F.Supp.2d at 7. In this case, the agency's own documents and submissions to the Court make an overwhelming showing that important documents bearing on the agency action under review were not produced as part of the Record that was produced. The Court therefore should order USDA to supplement the Administrative Record.

For all categories of documents for which additional production has been requested, the Court should order USDA to supplement the Administrative Record to include any documents in its possession that are described above and to produce these documents at the time that it files its Reply Brief on its Motion to Dismiss or for Summary Judgment. In this manner, the full Administrative Record of the agency's decisionmaking will be before the Court, and Hormel will have a full and fair opportunity to assess the complete record before responding to USDA's arguments. The agency's pleading is currently due to be submitted on April 11, 2008. That date should provide ample time for USDA to respond to this Motion, of which it should have been on notice for some time based on conversations about the need for supplementation between Hormel and its counsel in recent weeks.

## Conclusion

For the reasons set forth above, Hormel's Motion to Compel Defendant to Supplement the Administrative Record should be granted.

Respectfully submitted,

/s/ Nancy S. Bryson

NANCY S. BRYSON
(D.C. Bar No. 913673)
The Bryson Group PLLC
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4731

March 28, 2008

/s/ John F. Cooney

JOHN F. COONEY
(D.C. Bar No. 936336)
Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4812

Counsel for Plaintiff



# SPIRAL SLICED HAM
### Great Taste *Naturally*

*Minimally Processed
*No Artificial Ingredients
No Added Hormones**
Vegetarian Fed†††

** Federal regulations prohibit the use of hormones in pork.
††† with the exception of milk and eggs

No ANTIBIOTICS EVER

KEEP REFRIGERATED
SERVING SUGGESTION

Lot# 80281



SPIRAL SLICED HAM
Great Taste *Naturally*
*Minimally Processed, No Artificial Ingredients

NO NITRATE OR NITRITE ADDED††
††Except those that naturally occur in sea salt and celery powder

Ingredients: Ham, water, sea salt, pure cane sugar, potassium lactate (from corn), natural flavors, lactic acid starter culture (natural fermenting agent).

**Nutrition Facts**
Serving Size 3 oz. (84g)
Servings varied
Calories 160
Fat Cal 60

| Amount/Serving | %DV* | Amount/Serving | %DV* |
|---|---|---|---|
| Total Fat 6g | 10% | Total Carb 5g | 2% |
| Sat Fat 2.5g | 11% | Fiber 0g | 0% |
| Trans Fat 0g | | Sugars 4g | |
| Cholest 65mg | 21% | Protein 18g | |
| Sodium 780mg | 32% | | |

*Percent Daily Values (DV) are based on a 2,000 calorie diet.

Vitamin A 0% • Vitamin C 0% • Calcium 0% • Iron 4%

*Spiral Sliced Bone-In Hams,
No carving, Pre-sliced,
Fully cooked*

Farmland Foods, Inc, Kansas City, MO 64195
1-888-FARMLAND (327-6526), M – F from 8 am – 4:30 pm CST, www.farmlandfoods.com

KEEP REFRIGERATED





HEN HOUSE MARKET
KANSAS CITY, KS
66106

SIMPLY NATURAL
BONE-IN SPIRAL HAM

**SAFE HANDLING INSTRUCTIONS**
THIS PRODUCT WAS PREPARED FROM INSPECTED AND PASSED MEAT AND/OR POULTRY. SOME FOOD PRODUCTS MAY CONTAIN BACTERIA THAT COULD CAUSE ILLNESS IF THE PRODUCT IS MISHANDLED OR COOKED IMPROPERLY. FOR YOUR PROTECTION, FOLLOW THESE SAFE HANDLING INSTRUCTIONS.

KEEP REFRIGERATED OR FROZEN.
THAW IN REFRIGERATOR OR MICROWAVE.
KEEP RAW MEAT AND POULTRY SEPARATE FROM OTHER FOODS. WASH WORKING SURFACES (INCLUDING CUTTING BOARDS), UTENSILS, AND HANDS AFTER TOUCHING RAW MEAT OR POULTRY.
COOK THOROUGHLY.
KEEP HOT FOODS HOT.
REFRIGERATE LEFTOVERS IMMEDIATELY OR DISCARD.



| Packed On | Best Before | Sell By |
|---|---|---|
| Feb 25, 08 | | Mar 26, 08 |
| Net Wt/Ct | Unit Price | Total Price |
| 8.63 lb | $5.49/lb | $47.38 |











# HEN HOUSE

**Farmland** — Good Food from the Heartland

**SIMPLY NATURAL™**

**ANTIBIOTIC FREE PORK**

## Farmland Foods Animal Welfare Policy Statement

Farmland Foods is committed to being industry leaders in animal welfare and the humane treatment of livestock at all Farmland Foods' facilities. Farmland Foods is also committed to working with pork suppliers and procuring animals from producers who humanely raise wholesome, nutritious food products and provide the highest standard of animal welfare. Animal welfare and human handling is the "right thing" to do during all aspects of animal production: on-farm, during transportation and at Farmland Foods.

Information posted on www.henhouse.com. Also available on handout in Hen House stores.

**Farmland Simply Natural Sausage Links** — 25% OFF

PORK SAUSAGE LINKS — 12-oz.

**Farmland Simply Natural Roll Sausage** — 25% OFF

PORK 12-OZ. SAUSAGE — No Antibiotics Ever